Gage v. Bailey.

---

## Portia Gage

### v.

## William M. Bailey et al.

Freehold.—The question of freehold being involved in this case, this court has no jurisdiction to hear the appeal.

Appeal from the Circuit Court of Cook county. Opinion filed January 4, 1881.

Mr. A. N. Gage and Mr. H. D. Beam, for appellant.

Mr. J. P. Altgeld and Messrs. Peckham & Brown, for appellees.

Bailey, J. This was a bill in chancery, filed by William M. Bailey and others against Portia Gage, alleging that the complainants were seized in fee and in possession of certain lands in Cook county particularly described in the bill, and that the defendant claimed title thereto under and by virtue of a certain tax deed executed to her by the county clerk of Cook county, bearing date February 14, 1877, and purporting to be based upon certain certificates of sale of said lands for various taxes and special assessments levied thereon for the years 1872 and 1873. The bill, after alleging sundry defects in the proceedings for the assessment, levy and collection of said taxes, and also in the proceedings preliminary to the execution of the deed, prays that said deed be declared void and set aside as a cloud upon the complainant's title, and that the defendant, her heirs and assigns, be perpetually enjoined from asserting any claim to said lands under said deed.

The defendant, by her answer, denies the complainant's title, and alleges title in fee to said lands in herself, under and by virtue of said tax deed. The cause was tried on bill, answer, replications and proofs, and a decree rendered in accordance with the prayer of the bill. From this decree the defendant has appealed to this court.

It will thus be seen that a freehold is directly and necessarily involved in the case. The bill seeks to obtain the cancellation of a deed, which, if valid, conveys to the defendant the lands therein described in fee. The pleadings present the direct issue as to whether the fee is in the complainants or the defendant, and the effect of the decree is to establish the title in the fee in the complainants. It follows that, under the eighty-eighth section of the Practice Act, as amended June 3, 1879, we have no jurisdiction of the case, and the appeal must therefore be dismissed.

Appeal dismissed.